NOV 26 2025 PM1:30
FILED-USDC-CT-HARTFORD

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

**Franklin Maldonado**
Plaintiff,

v.

**Lakeview Loan Servicing, LLC; McCalla Raymer Leibert Pierce, LLC; Martin Leonard Kane IV, Esq.; Benjamin Thomas Staskiewicz, Esq.; Thomas Cusa, Esq.; James A. Pocklington, Esq.; Flagstar Bank, FSB; State Marshal Louis J. Sullivan; Does 1–20,**
Defendants.

# COMPLAINT

## I. INTRODUCTION

This civil action arises from a coordinated scheme by private parties and a state marshal to unlawfully deprive Plaintiff of property interests through fraudulent filings, misrepresentations, premature foreclosure actions, and misuse of state power. Defendants recorded a fraudulent "Certificate of Foreclosure" before judgment was final, trespassed on Plaintiff's gated property without execution or authority, suppressed and ignored federal custodial evidence proving lack of standing, and used deceptive litigation practices—including false statements, improper filings, and reckless disregard for accuracy—to pursue foreclosure without lawful basis.

Plaintiff seeks damages, declaratory relief, and injunctive relief under 42 U.S.C. §§ 1983 and 1985, the Fair Debt Collection Practices Act ("FDCPA"), and state tort law.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), because Plaintiff asserts claims under 42 U.S.C. §§ 1983, 1985, and the FDCPA.
2. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for related state law claims, including fraud, slander of title, trespass, and abuse of process.
3. Venue is proper under 28 U.S.C. § 1391(b), as all events occurred in this District.

## III. PARTIES

**Plaintiff:**

- **Franklin Maldonado**, homeowner of 671 Exeter Road, Lebanon, Connecticut.

**Defendants:**

- **Lakeview Loan Servicing, LLC** – Entity prosecuting foreclosure without standing.
- **McCalla Raymer Leibert Pierce, LLC** – Foreclosure counsel coordinating filings.
- **Martin Leonard Kane IV, Esq.** – Supervising attorney who executed defective and misleading filings.
- **Benjamin Thomas Staskiewicz, Esq.** – Attorney who filed pleadings relying on a false chain of title.
- **Thomas Cusa, Esq.** – Attorney who admitted on the record that counsel had "no idea" who the REMIC trust was despite prosecuting foreclosure.
- **James A. Pocklington, Esq.** – Attorney who filed pleadings relying on a false chain of title and recorded the fraudulent November 4, 2025 "Certificate of Foreclosure."
- **Flagstar Bank, FSB** – Prior servicer involved in early chain-of-title defects.
- **State Marshal Louis J. Sullivan** – Entered Plaintiff's gated property without authority and delivered unlawful eviction threats.
- **Does 1–20** – Persons yet unidentified who participated in the scheme.

## IV.   FACTUAL ALLEGATIONS

1. Plaintiff's securitization analysis was conducted by a qualified expert witness, Bertrand Falls, whose sworn declaration, credentials, and curriculum vitae confirm over twenty years of specialized experience in mortgage securitization, assignments, FHA/VA loan processing, loss-mitigation auditing, and forensic review of trust and custodial records. Mr. Falls is available to testify and will be disclosed under Rule 26(a)(2). His findings corroborate that the loan was placed into Ginnie Mae REMIC Trust 2021-143 prior to commencement of foreclosure, and that Defendants' claimed possession of the original promissory note is inconsistent with federal custodial records.
2. Plaintiff owns the property located at 671 Exeter Road, Lebanon, CT.
3. Lakeview Loan Servicing initiated foreclosure despite lacking standing, as federal custodial records later confirmed the loan had been securitized into **Ginnie Mae REMIC Trust 2021-143** before suit was filed.
4. The updated MERS ServicerID search dated November 22, 2025 (Exhibit L) identifies Flagstar Bank as the only servicer of record and does not list Lakeview or M&T at any

time. Combined with HUD custodial records and the PSAR audit confirming Ginnie Mae REMIC 2021-143 as the investor, this proves that Lakeview never owned or held the note and that the recorded assignment to Lakeview is false.

5. Defendants knowingly prosecuted foreclosure using only **copies** of the promissory note while refusing to produce the original, despite Plaintiff's objections on the record.
6. Plaintiff's evidence—including HUD custodial records, securitization data, and transcript admissions—was ignored or suppressed.
7. Federal custodial records confirm that the original promissory note is maintained within the Ginnie Mae REMIC trust and not in the possession of Lakeview or its servicers, undermining their claimed authority to enforce the instrument.
8. HUD FOIA custodial records, produced September 25, 2025, show the loan was pooled into a federal trust and not held by Lakeview, contradicting their representations.
9. On July 10, 2024, during an official court hearing, Attorney **Thomas Cusa** stated on the record that counsel had **"no idea"** whether the loan was part of any Ginnie Mae trust.
10. Despite this admission, Defendants continued prosecuting foreclosure.
11. On October 23, 2023, Plaintiff tendered a notarized promissory note toward settlement and transmitted it via USPS Certified Mail. Delivery was confirmed on October 26, 2023. (See Exhibit I.)
12. During the July 10, 2024 hearing, Defendants' counsel explicitly admitted receiving the promissory note:
**"He sent a promissory note…"** and **"He sent a promissory note that looks like he printed it…"**
13. When the Court inquired about it, counsel confirmed on the record that the promissory note was treated as an IOU:
**"THE COURT: So it's like an IOU?
ATTY. CUSA: Essentially."**
14. Despite receiving and retaining the note, Defendants told the Court that **"No payment has been made,"** and **"No funds have been tendered."**
15. Defendants never returned the note or issued a notice of rejection or dishonor. Their continued retention of the tender coupled with affirmative misstatements to the Court constitutes intentional fraud, deceptive conduct, and unfair debt-collection practices.
16. When given an opportunity to explain, Plaintiff noted on the record:
**"You kept them, you did not return them."**
Defendants did not dispute this fact.
17. Defendants repeatedly submitted affidavits, motions, and compliance statements signed by attorneys using names **inconsistent with the Connecticut Attorney Roll**, indicating reckless or deceptive practices.
18. On **November 4, 2025**, Attorney **Pocklington** recorded a **fraudulent "Certificate of Foreclosure"** at the Lebanon Town Hall, claiming title vested on **October 1, 2025** while multiple motions were pending, including:

- o Motion to Open (Entry 165)
- o Motion to Reargue (Entry 171)
- o Motion to Stay (Entry 172)
- o Request for Memorandum (Entry 173)

19. At the time of recording, **no final judgment existed**, and appeal rights were active.
20. Recording this certificate was knowingly false and intended to cloud title.
21. On **November 13, 2025**, State Marshal **Louis J. Sullivan** trespassed on Plaintiff's gated, posted private property without a valid execution or court order, delivering an unlawful eviction notice.
22. Sullivan's conduct was coordinated with Lakeview and McCalla to intimidate Plaintiff.
23. Defendants contacted Plaintiff's insurance company and falsely claimed the property "had been foreclosed," attempting to force cancellation of the policy.
24. Defendants used fraudulent filings and misrepresentations to interfere with Plaintiff's property rights.
25. On January 23, 2025, Lakeview and M&T Bank sent Plaintiff a RESPA notice claiming that servicing had been transferred from Flagstar Bank to M&T Bank effective February 4, 2025 (Exhibit K). However, the updated MERS ServicerID records dated November 22, 2025 identify Flagstar Bank as the only servicer of record. This discrepancy demonstrates deceptive, misleading, and unlawful servicing communications in violation of the FDCPA (15 U.S.C. §§ 1692e(2), 1692e(10), 1692e(14)) and RESPA (12 U.S.C. § 2605). Defendants sent inconsistent and conflicting billing statements, creating a double-billing pattern intended to confuse and coerce Plaintiff.
26. M&T Bank and Lakeview issued conflicting monthly billing statements during active litigation, including statements enclosed within the same envelope but reflecting different balances, due amounts, and servicing designations. This dual-servicer billing is unlawful under 12 C.F.R. § 1026.41 (TILA Mortgage Servicing Rule) and constitutes deceptive collection conduct.
27. M&T Bank issued written communications identifying itself as a "debt collector" attempting to collect a debt allegedly owed to Lakeview Loan Servicing, LLC while simultaneously using Lakeview's billing format and structure, violating FDCPA §§ 1692e(2)(A), 1692e(10), 1692e(14), and 1692f.
28. Neither Lakeview nor M&T Bank disclosed the ongoing litigation or the disputed status of the debt to credit reporting agencies, violating FDCPA § 1692e(8) and FCRA 15 U.S.C. § 1681s-2(a)(3).
29. These coordinated actions by Lakeview, M&T Bank, McCalla Raymer, and the individual attorney defendants demonstrate a unified scheme intended to deprive Plaintiff of property rights through fraudulent filings, dual-servicer misrepresentations, and unlawful collection conduct.

30. The conflicting statements, false creditor–servicer designations, and hybrid billing formats demonstrate intentional deception, and coordinated efforts to misrepresent the legal status of the debt and coerce Plaintiff into payment despite the active dispute.

## V.    CAUSES OF ACTION

### Count I – 42 U.S.C. § 1983 (Deprivation of Due Process)

Defendant Sullivan, acting under color of law, trespassed and delivered unlawful threats without a valid execution, while private defendants jointly acted to misuse state procedures to deprive Plaintiff of property without due process.

### Count II – 42 U.S.C. § 1985(3) (Civil Conspiracy)

Defendants acted with animus toward Plaintiff as a pro se homeowner resisting foreclosure, a vulnerable economic class that courts have recognized as requiring equal protection when subjected to coordinated deprivation of due process. Defendants' conspiracy targeted Plaintiff as part of a broader practice of exploiting economically disadvantaged homeowners through false filings, misuse of legal process, and coordinated deprivation of constitutional rights.

### Count III – FDCPA Violations (15 U.S.C. §§ 1692e, 1692f)

**Defendants' conduct includes false, deceptive, and misleading representations in connection with the collection of a debt, including but not limited to the following violations:**

1. sending dual-servicer billing statements in violation of **12 C.F.R. § 1026.41**, where Lakeview and M&T simultaneously demanded payment using conflicting balances and formats;
2. misrepresenting the identity of the creditor and the servicer, including Lakeview issuing statements formatted as servicer bills while M&T simultaneously claimed to be the servicer and the "debt collector" under **15 U.S.C. § 1692a(6)**;
3. failing to mark the debt as disputed in credit reporting or correspondence, as required by **15 U.S.C. § 1692e(8)**;
4. falsely informing Plaintiff's insurance carrier that the property had been foreclosed, inducing third-party action based on a materially false representation;
5. transmitting billing statements during active litigation that misstated the amount allegedly owed and that failed to reflect pending court challenges, in violation of **15 U.S.C. §§ 1692e(2)(A) and 1692f(1)**;
6. issuing deceptive and confusing demands for payment where the alleged creditor changed depending on the correspondence, creating false impressions about the legal status of the debt.

7. By retaining Plaintiff's tendered promissory note while affirmatively representing in court that 'no payment has been made,' Defendants violated 15 U.S.C. § 1692e(2) (false representation of the character or legal status of a debt) and § 1692e(10) (use of deceptive means to collect or attempt to collect a debt).

## Count IV – Fraud

- Defendants knowingly filed and recorded false documents, misrepresented ownership of the loan, concealed securitization, and made false sworn statements.
- Defendants falsely represented to the Court that 'no payment' or tender had been made despite admitting receipt of Plaintiff's promissory note on the record. Their failure to return, reject, or dishonor the tender, combined with their intentional misstatement of fact, constitutes fraudulent misrepresentation and deceit.
- Plaintiff formally demands production of the **ORIGINAL wet-ink promissory note** and **ORIGINAL mortgage deed**, as required under the Best Evidence Rule and applicable provisions of the Connecticut Uniform Commercial Code, including but not limited to **UCC §§ 42a-3-301, 42a-3-309, and 42a-3-501(b)(2)**. Defendants have refused and continue to refuse to produce either original instrument. Federal custodial records produced by HUD (FOIA Item-3) confirm that the note was transferred into **Ginnie Mae REMIC Trust 2021-143** and is held within federal custodial control, not in the possession of Lakeview, M&T, Flagstar, or McCalla. Defendants' inability to produce the original note proves they **never had standing**, prosecuted foreclosure **without lawful authority**, and knowingly relied on **copies** while representing to courts and third-parties that they possessed the original negotiable instrument. This refusal and misrepresentation constitute fraud, abuse of process, and a deceptive debt-collection practice within the meaning of the FDCPA, CUTPA, and federal civil-rights law.

## Count V – Slander of Title

The November 4, 2025 fraudulent "Certificate of Foreclosure" clouded Plaintiff's title and caused direct financial harm.

## Count VI – Trespass (Marshal Sullivan + Co-Conspirators)

Sullivan unlawfully entered posted private land without authority; private defendants caused or encouraged the trespass.

## Count VII – Abuse of Process

Defendants used legal procedures—including motions, filings, and Town Hall recordings—for purposes other than their intended lawful function.

### Count VIII – Civil Conspiracy (State Law)

Defendants agreed and acted together to accomplish unlawful objectives, including wrongful foreclosure and title fraud.

### Count IX – Violation of CUTPA (C.G.S. § 42-110b et seq.)

Defendants Lakeview Loan Servicing, Flagstar Bank, M&T Bank, McCalla Raymer Leibert Pierce, and the individual attorney defendants engaged in unfair and deceptive acts or practices in trade or commerce, in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S. § 42-110b.

These unfair practices include, but are not limited to:

1. issuing **conflicting and deceptive billing statements** from multiple entities during active litigation;
2. **misrepresenting** the identity of the servicer, creditor, and holder of the debt;
3. sending **dual-servicer bills** using the Lakeview format under M&T Bank's name;
4. attempting to collect amounts while failing to disclose that the debt was **disputed and in active litigation**;
5. recording a **fraudulent Certificate of Foreclosure** while appeal rights and motions were pending;
6. engaging in **false, misleading, and deceptive communications** with Plaintiff's insurance carrier;
7. using billing designs, identities, and formats that were **confusing or deceptive to consumers**;
8. failing to follow federally-mandated servicing and consumer-protection standards.

These practices offend established public policy, are unethical and unscrupulous, and caused substantial injury to Plaintiff, including damaged credit, emotional distress, legal costs, and interference with property rights.
Plaintiff seeks damages, punitive damages, attorney's fees, and injunctive relief as allowed under C.G.S. § 42-110g.

**These facts are supported by the sworn declaration attached as Exhibit L, satisfying Federal Rule of Civil Procedure 65(b)(1)(A).**

## VI.     INJUNCTIVE RELIEF (TRO & Preliminary Injunction)

Plaintiff seeks:

1. Immediate order halting any eviction, enforcement, or recording activities.
2. Immediate relief is necessary because Defendants' fraudulent November 4, 2025 filing creates a continuing cloud on title and ongoing risk of irreparable harm.
3. Order voiding the November 4, 2025 Town Hall filing.
4. Prohibition on any further state-marshal entry without lawful execution.

## VII. DAMAGES

Plaintiff seeks:

- **Compensatory damages: $17,000,000**
- **Punitive damages** for willful misconduct
- Costs and fees under 42 U.S.C. § 1988 and applicable law

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

## IX. PRAYER FOR RELIEF

Plaintiff requests that this Court:

1. An order compelling Defendants to produce the original wet-ink promissory note and original mortgage deed within 14 days.
2. Enter judgment in his favor on all counts.
3. Issue a Temporary Restraining Order and Preliminary Injunction.
4. Declare the November 4, 2025 filing void.
5. Award compensatory and punitive damages.
6. Grant any other appropriate relief.