IN THE UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FRANKLIN MALDONADO,

**Plaintiff,**

v.

LAKEVIEW LOAN SERVICING, LLC; MCCALLA RAYMER LEIBERT PIERCE, LLC;

MARTIN LEONARD KANE IV, ESQ.; BENJAMIN THOMAS STASKIEWICZ, ESQ.;

THOMAS CUSA, ESQ.; JAMES A. POCKLINGTON, ESQ.; FLAGSTAR BANK, FSB;

STATE MARSHAL LOUIS J. SULLIVAN; M&T BANK, N.A.; DOES 1–20,

**Defendants.**

Civil Action No. 3:25-cv-01993-VDO

**PLAINTIFF'S CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO**

**DISMISS THE FIRST AMENDED COMPLAINT**

Plaintiff Franklin Maldonado respectfully submits this consolidated opposition to the motions to

dismiss filed by Defendant Louis J. Sullivan, ECF No. 46, Defendants Lakeview Loan Servicing,

LLC, McCalla Raymer Leibert Pierce, LLP, and related attorney defendants, ECF No. 50,

Defendant Flagstar Bank, N.A., ECF No. 52, and Defendant M&T Bank, N.A., ECF No. 56.

Page 1 of 18

ORAL ARGUMENT REQUESTED

## I. Preliminary Statement

Defendants' motions attempt to collapse this case into the Connecticut foreclosure judgment. That framing is incorrect.

Plaintiff does not ask this Court to vacate, modify, reopen, review, or sit in appellate review of the state foreclosure judgment. Plaintiff does not seek through this opposition an order resetting law days, declaring title vested in Plaintiff, invalidating the state judgment, or enjoining the housing action. Those issues are not before this Court.

The First Amended Complaint, ECF No. 40, pleads claims arising from separate conduct that caused distinct injury and can be adjudicated without requiring this Court to reject the state judgment. Those pleaded injuries include entry onto gated and posted property without pleaded execution authority, coupled with coercive notice delivery under color of law, ECF No. 40 ¶¶ 21–22; public recording and publication conduct allegedly causing separate title-cloud injury, id. ¶¶ 18–20; insurer-directed communications by M&T Bank, N.A., id. ¶¶ 31–38; and servicing or collection-related communications by Flagstar and others, id. ¶¶ 25–30H.

Defendants seek global dismissal with prejudice by treating every allegation as foreclosure by another name. But ECF No. 40 does not plead one undifferentiated grievance. It separates defendant-specific conduct. It limits M&T Bank, N.A. to the insurer-interference allegations and Counts IX and X. ECF No. 40, Section VII ("Limiting Clarification as to M&T Bank, N.A."). It pleads Flagstar-specific communications separately from later insurer, marshal, and recording conduct. Id. ¶¶ 30A–30H. It alleges Sullivan's entry as a discrete state-action event. Id. ¶¶ 21–22.

It alleges recording and publication conduct by Lakeview, McCalla Raymer, and related actors as separate conduct causing separate injury. Id. ¶¶ 18–20.

The Court does not need to determine who should prevail in the state foreclosure appeal to decide whether a state marshal had lawful authority to enter posted property, whether a third-party insurer received a misleading communication, whether servicing or collection communications were materially misleading in context, or whether public recording conduct caused a distinct title-cloud or publication injury.

At minimum, several pleaded claims plausibly clear Rule 12. If the Court concludes any allegation requires greater factual detail, the proper remedy is targeted discovery or leave to amend, not dismissal with prejudice.

## II. Applicable Standards

### A. Rule 12(b)(6)

To survive Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding such a motion, the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in Plaintiff's favor. *Iqbal*, 556 U.S. at 678.

**B. Rule 12(b)(1)**

On a Rule 12(b)(1) motion, dismissal is proper only when the Court lacks the statutory or constitutional power to adjudicate the case. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Although a court may consider evidence outside the pleadings on a true jurisdictional challenge, Defendants cannot convert disputed merits questions into jurisdictional bars where the pleaded claims do not require rejection of the state judgment.

**C. Liberal Construction of Pro Se Pleadings**

Because Plaintiff is self-represented, his pleadings must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Second Circuit likewise directs courts to interpret pro se submissions to raise the strongest arguments they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006). Liberal construction does not excuse Plaintiff from pleading facts, but it does require that plausible claims not be dismissed through an overbroad or hostile reading of ECF No. 40.

**D. Rule 9(b) Containment**

To the extent Defendants invoke Rule 9(b), that rule applies only to allegations sounding in fraud. *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004). It does not justify dismissal of non-fraud theories such as § 1983 entry-related claims, trespass, negligent misrepresentation, tortious interference, title-cloud injury, or communication-specific FDCPA/CUTPA theories merely because some allegations use fraud-related language.

**E. Leave to Amend**

If the Court concludes any count requires greater factual detail, leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Supreme Court has emphasized that this mandate should be heeded absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Second Circuit likewise recognizes Rule 15's liberal and permissive standard. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).

Those standards matter here because several defense arguments depend on disputed facts not established in Defendants' favor on the face of the pleading. Sullivan's immunity theory depends on the premise that he acted lawfully and within valid marshal authority. M&T's motion depends on collapsing a third-party insurer communication back into the foreclosure judgment. Flagstar's motion depends on characterizing identified communications as merely routine servicing letters. Lakeview and McCalla ask the Court to treat all recording, publication, collection, and pressure conduct as inseparable from the state judgment. Those may be factual defenses later. They are not a basis for global dismissal now.

**III. The First Amended Complaint Is Not a De Facto Appeal**

The Rooker–Feldman doctrine is narrow. It bars cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal action began and inviting district-court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Second Circuit identifies four requirements: the federal plaintiff must have lost in state court, must complain of injuries caused by a state-court

judgment, must invite district-court review and rejection of that judgment, and the state judgment must have been rendered before the federal action commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

The critical requirement here is causation. The doctrine does not bar claims where the alleged injury was caused by defendants' conduct and merely related to, later ratified by, or factually overlapping with state-court proceedings. In *Sung Cho v. City of New York*, the Second Circuit held that Rooker–Feldman did not apply where the plaintiffs' injuries were caused by defendants' conduct and only later ratified by state-court judgments. 910 F.3d 639, 646–47 (2d Cir. 2018).

That distinction controls here. Plaintiff does not ask this Court to undo the foreclosure judgment. Plaintiff alleges that Defendants committed separate conduct outside the judgment itself: marshal entry without pleaded execution authority, ECF No. 40 ¶¶ 21–22; insurer-facing communications, id. ¶¶ 31–38; public recording and publication conduct, id. ¶¶ 18–20; and collection or servicing communications, id. ¶¶ 25–30H. Those claims can be adjudicated without determining that the state-court judgment was wrongly entered.

Defendants' theory improperly treats the foreclosure judgment as a shield for all later or related conduct. A foreclosure judgment does not automatically immunize separate extra-judicial communications, allegedly unauthorized entry, or public recording conduct that allegedly caused separate harm.

Plaintiff therefore respectfully requests that the Court reject Defendants' effort to recharacterize all pleaded claims as a disguised foreclosure appeal.

**IV. Abstention and Preclusion Do Not Require Global Dismissal**

Defendants also invoke abstention and preclusion doctrines as though those doctrines erase every pleaded claim. They do not.

Plaintiff does not ask this Court through this opposition to supervise the state appeal, halt the housing case, reset law days, declare title, or invalidate the foreclosure judgment. The state proceedings may form part of the chronology, but the pleaded claims here concern distinct conduct and distinct injuries.

Even if the Court concludes that some foreclosure-merits theories cannot proceed, that would not justify dismissal of every independent-injury claim. Preclusion does not automatically bar claims based on later third-party communications, alleged unauthorized entry, public recording and publication injury, or defendant-specific collection communications. Abstention does not require dismissal where Plaintiff does not seek federal control over the state proceedings.

Defendants' global-dismissal theory therefore overreaches. The Court should analyze the pleaded claims defendant by defendant and conduct by conduct.

**V. Defendant-Specific Claims Plausibly Survive**

**A. Defendant Louis J. Sullivan**

Sullivan's motion, ECF No. 46, should be denied because it depends on a factual premise that cannot be resolved against Plaintiff at Rule 12.

Sullivan argues he is immune because he acted lawfully and within the scope of his authority as a state marshal. But ECF No. 40 alleges the opposite: entry onto gated and posted property without a valid execution or court order, coupled with coercive notice delivery under color of law. ECF No. 40 ¶¶ 21–22.

A defendant cannot obtain dismissal by assuming the disputed fact that defeats the claim. Whether Sullivan possessed valid authority, what document he relied upon, who instructed him, what he was directed to serve, whether an execution existed, whether he exceeded lawful authority, and whether his conduct remained within the scope of protected marshal conduct are factual questions. They cannot be resolved against Plaintiff on the pleadings.

Nor does Sullivan's thin-pleading argument justify dismissal. ECF No. 40 identifies the actor, the alleged conduct, the absence of pleaded authority, the gated and posted nature of the property, and the constitutional character of the act under color of law. Id. ¶¶ 21–22. At Rule 12, that is enough to proceed.

At minimum, Plaintiff should be permitted discovery into any writ, execution, court order, notice, work order, instruction, or document Sullivan relied upon; communications between Sullivan, Lakeview, McCalla Raymer, and counsel before the entry; marshal notes, return documents, invoices, photographs, GPS logs, and service records; and the identity of the person or entity that requested Sullivan's attendance.

If the Court concludes additional detail is required, Plaintiff respectfully requests leave to amend Count I and the trespass-related allegations with further factual detail concerning the entry,

signage, gate, notice delivered, photographs, video evidence, and absence of valid execution authority.

**B. Defendant M&T Bank, N.A.**

M&T's motion, ECF No. 56, should be denied because ECF No. 40 adds M&T for a narrow and independent reason: insurer-directed communications and the resulting insurance injury.

ECF No. 40 does not assert Counts I through VIII against M&T. M&T is added for Counts IX and X only. ECF No. 40, Section VII ("Limiting Clarification as to M&T Bank, N.A."). Those counts arise from allegations that M&T transmitted a written communication to Plaintiff's homeowner insurer, represented in substance that title had transferred through foreclosure, requested cancellation or impairment of hazard coverage, and caused cancellation or threatened cancellation, increased uninsured risk, underwriting prejudice, contractual interference, and economic damage. Id. ¶¶ 31–38.

Those allegations do not require this Court to reopen or reverse the foreclosure judgment. The Court can decide whether M&T made the alleged insurer-facing communication, what the communication said, whether it was misleading or negligent, whether M&T had a reasonable basis for the statement, whether the insurer relied on it, and whether Plaintiff suffered insurance-related damages without deciding title or reversing the state court.

M&T attempts to collapse the insurer claim into the foreclosure case. But the alleged wrong is not the state judgment. The alleged wrong is an extra-judicial communication to a third-party insurer and the resulting impairment of Plaintiff's insurance relationship. That is a separate injury channel.

At Rule 12, the Court should not dismiss Counts IX and X with prejudice before discovery into the October 3, 2025 communication to Plaintiff's insurer; internal notes, approvals, templates, and communications concerning that insurer contact; the identity and authority of the sender; the factual basis for any statement that title transferred to M&T or that M&T had authority to request cancellation; communications among M&T, Lakeview, McCalla Raymer, and the insurer; and documents reflecting insurer reliance, cancellation, refusal to continue coverage, underwriting prejudice, or replacement-coverage harm.

Plaintiff has also received CFPB response materials confirming that the insurer-communication issue is real and not speculative. In those materials, M&T enclosed an October 3, 2025 letter to Plymouth Rock stating that title transferred to M&T Bank and requesting cancellation of Plaintiff's hazard insurance. M&T also identified the investor as "GNMA-Lakeview" and stated that it was not associated with the MIN in MERS, while the attached MERS Summary identified Lakeview as servicer and Flagstar as subservicer. Plaintiff does not offer these materials to ask this Court to decide title. They further support notice, contradiction, materiality, and the need for discovery into the insurer and servicing-identity issues.

If the Court finds more specificity necessary, leave to amend should be granted so Plaintiff may attach, quote, or identify the insurer communication and resulting insurer response in greater detail.

## C. Lakeview, McCalla Raymer, and the Attorney Defendants

Lakeview, McCalla Raymer, and the attorney defendants attempt to convert ECF No. 40 into a single foreclosure-standing dispute. That is not the operative pleading.

Plaintiff does not ask this Court to decide whether the state court should have entered foreclosure judgment. Plaintiff alleges separate conduct causing separate injury, including public recording and publication conduct, title-cloud injury, misleading creditor or servicer communications, insurer-related pressure conduct, and retention or misstatement conduct. ECF No. 40 ¶¶ 18–30.

### 1. Recording, Publication, and Title-Cloud Injury

Plaintiff need not prove at Rule 12 that the Certificate of Foreclosure was ultimately void under Connecticut foreclosure law. The pleading-stage issue is whether ECF No. 40 plausibly alleges that Defendants published a claim of completed title transfer at a time when the procedural status of finality, stay effect, and Entry 165 remained actively disputed, causing separate title-cloud, reputational, or property injury. Id. ¶¶ 18–20.

That claim does not require the Court to reverse the state judgment. The Court can evaluate whether Defendants' public recording and publication conduct was misleading, premature, reckless, or injurious without sitting as an appellate court over the foreclosure judgment.

### 2. Collection and Pressure Conduct

Foreclosure-related communications can constitute debt collection under the FDCPA where they are connected to collection of a debt, and a false or misleading representation must be material. *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 83, 86 (2d Cir. 2018). Materiality asks whether the challenged statement could influence the consumer's decision-making in responding to collection activity. Id. at 86.

Plaintiff alleges conflicting creditor, servicer, debt-status, and collection communications, along with pressure conduct directed at possession, insurance, and public title status. ECF No. 40 ¶¶ 23–30. Whether those communications were materially misleading, whether Defendants knew of disputes or contradictory information, and whether Plaintiff suffered injury are fact-intensive questions.

Lakeview and McCalla's request for dismissal with prejudice ignores the pleading posture. ECF No. 40 need not prove intent at this stage. It must plausibly allege conduct and injury. It does.

At minimum, Plaintiff should be permitted discovery into the drafting, review, approval, and recording of the Certificate of Foreclosure; communications with the town clerk or land records office; internal communications concerning pending motions, appeal periods, stay arguments, or finality status; communications with Sullivan before the alleged entry; communications with insurers, servicers, or third parties concerning ownership, title, foreclosure status, or possession; creditor, servicer, holder, and collection-authority records; and documents showing what Defendants knew about Plaintiff's disputes and the federal custodial or servicing records referenced in ECF No. 40.

To the extent Defendants attack broad fraud, conspiracy, or abuse-of-process theories, those arguments do not justify global dismissal. If the Court believes any such theory requires greater particularity, Plaintiff requests narrowing or leave to amend rather than dismissal of the entire action with prejudice.

**D. Defendant Flagstar Bank**

Flagstar's lane is narrower, and Plaintiff does not overstate it.

Plaintiff does not attribute the later M&T insurer communication, Sullivan's entry, the Certificate recording, or housing-court pressure to Flagstar on the current pleading. ECF No. 40 instead pleads a narrower theory: Flagstar sent identified servicing, dispute, validation, acceleration, and collection-connected communications after Plaintiff disputed the debt and requested information. Id. ¶¶ 30A–30H.

Those communications allegedly concerned servicing identity, collection authority, debt validity, foreclosure status, acceleration, and amounts claimed due. Id. ¶¶ 30B–30G. At minimum, ECF No. 40 plausibly pleads that certain identified Flagstar communications were collection-connected and materially misleading in context.

Flagstar argues those communications were routine servicing letters and ordinary account communications. That is Flagstar's factual characterization. At Rule 12, the Court must view the allegations in Plaintiff's favor. Whether the communications were merely routine, whether they were debt-collection communications, whether they were materially misleading under *Cohen*, and whether they caused cognizable injury should not be decided by dismissing the claim with prejudice before discovery.

Plaintiff seeks discovery limited to Flagstar's own lane: the complete servicing file; all dispute, qualified written request, validation, and information-request responses; internal notes concerning Plaintiff's disputes; servicing-transfer records to M&T; communications with Lakeview concerning debt status, servicing identity, collection authority, and foreclosure status; system logs showing servicer identity, account status, and debt status; and communications containing debt-collection language or disclaimers.

If the Court determines that any Flagstar-specific allegation requires greater specificity, Plaintiff requests leave to amend to quote or attach the specific communications and identify the allegedly misleading statements more precisely.

## VI. HUD, FOIA, and Ginnie Mae Materials Are Relevant for Notice, Knowledge, and Context, Not to Reopen the State Judgment

Plaintiff does not offer HUD, FOIA, or Ginnie Mae-related materials to ask this Court to decide foreclosure standing or title. Plaintiff understands that such a use would risk confusing the federal claims with the state foreclosure merits.

The materials are relevant for a narrower and proper purpose: notice, knowledge, contradiction, materiality, reasonableness of Plaintiff's dispute, and the need for discovery.

ECF No. 40 alleges that Plaintiff's disputes were not imaginary or manufactured. It alleges that Defendants made or relied upon representations concerning servicing, creditor identity, holder status, title status, insurance status, and collection authority while Plaintiff possessed and presented information calling those representations into question. Id. ¶¶ 1–8, 25–30H. Those materials bear on whether communications were knowingly or recklessly misleading, whether Plaintiff's disputes were reasonable, and whether discovery should proceed into Defendants' internal records and communications.

The Court need not decide whether HUD or Ginnie Mae records prove a foreclosure-standing defect. The Court need only recognize that the existence of disputed federal custodial and servicing information makes Defendants' knowledge, representations, and communications appropriate subjects for discovery.

Page 14 of 18

## VII. Housing-Court Pressure Is Harm Context Only

Plaintiff does not ask this Court through this opposition to supervise, stay, or enjoin the housing action. That case is not the procedural vehicle before this Court.

The existence of possession-related pressure is relevant only as context showing ongoing harm and why discovery should not be frozen while Defendants continue to pursue consequences tied to the disputed conduct. Plaintiff raises that context to show the real-world effect of the alleged recording, insurer, marshal, and collection conduct, not to ask this Court to take control of the housing case.

## VIII. Discovery Should Proceed, or at Minimum Be Targeted

Defendants cannot use Rule 12 as both sword and shield. They argue Plaintiff lacks factual detail while seeking to block discovery into the exact records they control: marshal authority, insurer communications, recording instructions, servicing-transfer records, collection communications, internal approvals, and knowledge of disputed information.

ECF No. 40 already plausibly states independent claims. Discovery is therefore the ordinary next step.

If the Court has concerns about scope, Plaintiff respectfully requests targeted discovery rather than dismissal with prejudice. The targeted discovery should include Sullivan authority documents and communications; recording and public-record filing communications; M&T insurer communications and internal approval records; Flagstar, Lakeview, and M&T servicing and collection communications; transfer, creditor, servicer, holder, and account-status records;

and communications showing Defendants' knowledge of Plaintiff's disputes, pending motions, stay or finality issues, or federal custodial information.

These requests are not a fishing expedition. They seek specific records directly tied to the pleaded independent injuries and are largely within Defendants' control.

Discovery is also warranted because Defendants' own records and responses create a factual dispute concerning servicing identity, MERS authority, and system-of-record reliance. M&T states that the MIN was deactivated from MERS in July 2022 and that M&T is not associated with the MIN, while MERS-related materials continued to identify Flagstar Bank, N.A. in a servicing role despite the alleged deactivation and despite the claimed February 2025 servicing transfer to M&T. Plaintiff does not ask the Court to decide title, ownership, or foreclosure standing from those records. The point is narrower: the inconsistency is material to notice, collection authority, servicer identity, insurer communications, and the need for targeted discovery into MERS update history, servicing-transfer records, system-of-record reliance, and the factual basis for Defendants' communications to Plaintiff and third parties.

Targeted discovery is also warranted because Defendants' sworn affidavit, hearing representations, and later CFPB responses do not provide a single consistent account of who physically possessed, maintained, or controlled the original note and related authority records.

## IX. Dismissal With Prejudice Would Be Improper; Leave to Amend Should Be Granted If Any Claim Requires More Detail

Defendants seek dismissal with prejudice. That remedy is too extreme at this stage.

Under Rule 15(a)(2), courts should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). The Supreme Court has emphasized that this mandate is to be heeded, and leave should ordinarily be granted absent reasons such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman*, 371 U.S. at 182. The Second Circuit likewise recognizes this as a liberal and permissive standard. *Loreley*, 797 F.3d at 190.

Plaintiff is self-represented. He already amended the complaint to narrow the case, add M&T only for the insurer-interference lane, and identify Flagstar-specific communications. If the Court concludes any count requires additional detail, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

Leave to amend would allow Plaintiff to identify or attach specific communications, clarify defendant-specific allegations, specify dates, speakers, recipients, and statements, narrow any claim the Court finds overbroad, and remove or refine any theory the Court finds too close to foreclosure-review territory.

**X. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. deny Defendants' motions to dismiss as to the independent-injury claims pleaded in ECF No. 40;

2. deny dismissal with prejudice;

3. permit targeted discovery if the Court concludes any limited factual development is needed; and

4. alternatively grant leave to amend any claim the Court finds insufficiently pleaded.

Plaintiff further requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Franklin Maldonado

Franklin Maldonado

Plaintiff,

671 Exeter Road

Lebanon, CT 06249

Phone: 959-223-7573

Email: franklinmaldonado5@gmail.com

Dated: May 18, 2026

## Certificate of Service

I certify that on May 18, 2026, a copy of the foregoing was filed through the Court's CM/ECF system and/or served on all counsel and parties of record by the method required by the Federal Rules of Civil Procedure and this Court's rules.

/s/ Franklin Maldonado

Franklin Maldonado

Dated: May 18, 2026